IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br> v. </br></br> KENNETH HARRELSON </br></br> Defendants | ) </br> ) </br> ) Criminal No. 1:22-cr-00015-APM </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**DEFENDANT'S SUPPLEMENT TO AND NOTICE OF JOINDER TO KELLY MEGGS OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE (ECF 252) REGARDING EXPERTS AND ANTICIPATED TRIAL EVIDENCE**

Defendant Kenneth Harrelson, jointly, by and through the undersigned counsel, and pursuant to this court's Pretrial Order, dated May 12, 2022, (ECF 133), hereby files this Supplement to and Joinder to Kelly Meggs' Opposition Memorandum to the Government's Motion in Limine, ECF 252 to bar Defendants' experts.

As for Mr. Harrelson, his counsel has been in regular cordial communications with the government regarding discovery progress and his potential experts. Because of time constraints undersigned counsel for Mr. Harrelson was unable to confer with the Government on this particular filing, but this filing will come as no surprise to the Government.

As laid out today ECF 266, the defense is still seeking important discovery production and is working towards a proactive and productive solution going forward that includes the advice and consent of inside experts who became known to the defense over the first week of August, but who can issue an expert final report to all parties by the second week of September. Defendant Harrelson is informed by these experts that an interim report to be shared with the

Government may be possible by the end of August.

On August 1, 2022, an expert in "facilities vulnerability assessments, security systems and procedures, and assessing and modeling threat scenarios," contacted undersigned counsel, on behalf of himself and other experts in overlapping disciplines. The expert stated that he and his informal group of colleagues had examined the public record involving January 6 and, in February, 2022 , had reached preliminary conclusions based on extensive review of the public record. The expert stated that they wanted to authenticate their theories with non-public information and wanted to conduct a visual study of surveillance tapes from January 6.

Although created through another approach for another purpose (to coax discovery disclosures and identify material witnesses), the expert requested to review 225-2 and 225-3 and indicated that these documents may be relevant to their work, but on auxiliary issues.

These experts offered to help, for free or at substantially reduced fees, if to only attempt to determine what occurred on January 6 and why events unfolded. These experts analyze security and systems failures at prominent, high security facilities.  The coordinating expert, who is a top expert in the world in his field, had been working with others including a use of force expert and also a delayed entry release expert (doors).

On August 8, 2022, undersigned counsel informed the Government that he had decided not to call a PTSD expert.   He informed the Government that he was "lining up experts and will have some supplemental requests and also may be requesting access and permission for inspection (photography/videography)….(of the Capitol)"

Only one week after being contacted by the expert, he referred to the Government's attention "calling two experts: one with 30 years counter intelligence experience and one with 35 years' experience and is probably among the top 10 experts in the world on facilities

vulnerability assessments, security systems and procedures, and assessing and modeling threat scenarios for high value facility targets. It is possible we may also seek to introduce testimony regarding police force and response."

On December 13, 2022, undersigned counsel released an expert affidavit and *curriculum vitae* for the expert on facilities vulnerability assessments.

On December 13, 2022, the undersigned counsel provided a counter-intelligence expert disclosure from an identity protected expert (undersigned counsel leaned towards not using this expert as a testifying expert).

On August 18, 2022 undersigned counsel released a *curriculum vitae* for a use of force expert but did not release an affidavit for the use of force expert or other potential experts because police response is a sensitive issue and the defense requires discovery, the experts require access, and many hours of video review must be performed to know what the expert testimony will be. Undersigned counsel has reviewers lined up that can leverage and scale the effort to bring the final report in on time.

Since August 8, 2022 we have had multiple cordial conversations with the Government on these issues including in regard to supplemental discovery and experts. The Government has been helpful in facilitating the determination of the level of access Congress is willing to provide. We are currently scheduled to have these two declared experts review the evidence that the FBI has made available. The Government has also informed us that it is seeing about permitting the undersigned counsel to accompany him on a Capitol tour on August 27th. To eliminate concerns, we are bringing experts that have active clearances and are well versed at complying with classification issues. We have a request for expanded access.

The harshness of preclusion of any potential defense experts broadly impacts Harrelson.

This is particularly inequitable when there are issues in dispute regarding supplemental and burdensome discovery review and access that makes complying with compressed timelines a challenge. That being said, undersigned counsel has been developing a flexible and responsive plan under the circumstances to meet the Court's expectations.

Secondly, Harrelson also is not submitting a defense of diminished mental capacity, therefore, there is no anticipated 'scientific' opinion that needs foundation for that defense.

WHEREFORE, Defendant Kenneth Harrelson, respectfully requests that the Court deny ECF 252, and recognize at this time there is no prejudice to the government, while the Defendant Harrelson and the Government work through these issues in a professional and productive manner so that there would be no serious prejudice to Defendant Harrelson through barring his defense experts who are finalizing their opinions and their testimony.

(SIGNATURE BELOW)

Dated: August 19, 2022        RESPECTFULLY SUBMITTED
                              KENNETH HARRELSON, *By Counsel*

                              /s/ Brad Geyer

                              Bradford L. Geyer, PHV
                              PA 62998
                              NJ 022751991
                              Suite 141 Route 130 S., Suite 303
                              Cinnaminson, NJ 08077
                              Brad@FormerFedsGroup.Com
                              (856) 607-5708

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 19, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

                                          /s/ Brad Geyer
                                          Bradford L. Geyer, PHV
                                          PA 62998
                                          NJ 022751991
                                          Suite 141 Route 130 S., Suite 303
                                          Cinnaminson, NJ 08077
                                          Brad@FormerFedsGroup.Com
                                          (856) 607-5708