# IN THE UNITED STATES DISTRICT COURTFOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **UNITED STATES OFAMERICA,** | ) | |
| | ) | **Criminal No. 1:22-cr-00015-APM** |
| **v.** | ) | |
| | ) | |
| **KENNETH HARRELSON** | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |
| | ) | |

## DEFENDANTS REPLY TO GOVERNMENT's OPPOSITION TO SEVERANCE OF HARRELSON

The government doesn't seem concerned about stipulation differences. But this could mean that Harrelson would be convicted on a beyond a reasonable doubt standard based on evidence to which he did not stipulate. Moreover, the greater issue of concern is the inverse expression of this problem that impacts introduction of the physical video record at trial: Harrelson wishes to obtain blanket stipulations from the Government for any part of the video historical record, necessitated by compressed timelines, and in exchange, he wishes to offer the government blanket stipulations on video that it seeks to introduce. However, the stipulations cannot be lobsided in favor of one side that results in prejudice to Harrelson.

To the Government's well stated concerns regarding specificity as raised in ECF 271, Harrelson assures the Court that there are significant differences, but that details were not included because there is hesitation about Harrelson's counsel speaking for the other defense counsels. Undersigned counsel circulated drafts and sought to strike a balance in the filing, refraining from going into more details in deference to preferences of his esteemed defense

counsels.

The Government opposes Harrelson's efforts to sever based on assertions by the Government that Harrelson listened to others on November 9, 2020. However, the Government's burden includes proving that Harrelson also actually listened to the conversation and agreed to it. There is nothing in the Indictment that alleges this and it's not clear how the government plans to prove this. ECF 271 also alleges that Harrelson was a leader and, in fact, the Government has no basis to allege that he was a leader and it requires an almost willful blindness of the historical video record, the vast majority of which remains under seal and/or on a relativity database that, as a practical matter, is extremely difficult and time consuming to access, let alone cobble together with discovery requests in large measure unrequited by the Government.

ECF271 makes explicitly clear that which is obvious all along, that the Government conflates the utterance of a statement by someone else with not only hearing it, but agreeing with it.

The Court can take judicial notice that even lawyers in continuing legal education courses are often required to enter "refresh commands" in on-line legal education courses to increase the probability that the attorneys will absorb the information or to actually prevent a small number from getting up, walking away and/or diverting their attention to other things. The fact that Harrelson allegedly was present remotely for a November 9th meeting, that ironically occurred while he was celebrating his birthday (birthdate: November 9, 1980), is a factor to consider in whether Harrelson actually heard, understood, and agreed with what was stated, but, then again, it may not turn out to carry the day on these questions when the overall context is finally

presented.

ECF271 is not untimely.  Harrelson mentioned that this conflict has arisen because right now the government is pressing for stipulations and Harrelson is pulling together the historical video record at breakneck speed that, even with Government stipulations, will be difficult to get ready for a September trial.  Harrelson's counsel is streamlining anticipated fact witness testimony and proposed expert witness testimony, while churning through discovery disclosures, so that a defense case can be presented in the event Harrelson's severance motion is not granted.

Harrelson's position, because of his lack of his own statements expressing knowledge and agreement, makes him unique in that his defense is deeply reliant on recreating the historical record of what happened on January 6 along with proper context.  Because of compressed and overlapping timelines, regrettably, this has resulted in a confluence of loose ends.   This has caused differences between defense counsels that look irreconcilable as the clock winds down, but undersigned counsel's efforts to gather the loose ends and get them before the Court is a good faith effort to represent his client and to present the issues for the Court so that undersigned counsel can better prepared to either support the remaining defense counsels in the event of a severance or for everyone going forward in September.

Dated:  August 23, 2022                RESPECTFULLY  SUBMITTED
                                       KENNETH  HARRELSON,  *By Counsel*

                                       /s/ Brad Geyer

                                       Bradford L. Geyer, PHV
                                       PA 62998
                                       NJ 022751991
                                       Suite 141 Route 130 S., Suite 303
                                       Cinnaminson, NJ 08077
                                       Brad@FormerFedsGroup.Com
                                       (856) 607-5708

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 23, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

<u>/s/ Brad Geyer</u>
Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708