UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 22-cr-15 (APM) |
| | ) | |
| JOSEPH HACKETT, | ) | |
| | ) | |
| Defendant. | ) | |

## JOSEPH HACKETT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29

Defendant, Joseph Hackett, by and through his undersigned counsel, Angela Halim, Esq., hereby respectfully submits this Motion for Judgment of Acquittal Pursuant to Federal Rule of Criminal Procedure 29. Following a jury trial that began on December 6, 2022, and concluded on January 19, 2023, the jury returned its verdict on January 23, 2023, and convicted Mr. Hackett as follows:

> Count One – guilty of seditious conspiracy in violation of 18 U.S.C. § 2384 by conspiring "[t]o use force to prevent, hinder, or delay the execution of any law of the United States;
>
> Count Two – guilty of conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k);
>
> Count Three – guilty of obstruction of an official proceeding in violation of 18 U.S.C § 1512(c)(2);
>
> Count Four – guilty of conspiracy to prevent Members of Congress from discharging their duties in violation of 18 U.S.C § 372 by conspiring to "prevent a Member of Congress from discharging a duty as a Member of Congress;" and

            Count Seven – guilty of tampering with documents in violation of 18 U.S.C § 1512(c)(1). [1]

Mr. Hackett made a verbal motion for judgment of acquittal at the close of the government's case on January 10, 2023, and he renewed his motion at the close of all evidence on January 17, 2023. The Court ordered the parties to submit any supplemental post-trial briefing by February 24, 2023. Mr. Hackett's submits the following in support of his motion for judgment of acquittal as to Counts One through Four and Seven pursuant to Federal Rule of Criminal Procedure 29.

## I. LEGAL STANDARD

Mr. Hackett adopts the legal standard as set forth in ECF 432, Joint Motion for Judgment of Acquittal on behalf of Defendants Rhodes, Meggs, Watkins, Harrelson, and Caldwell, at pages 6-8, which he reproduces here.

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all of the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering a Rule 29 motion, this Court must determine "whether upon the evidence, viewed in a 'light most favorable to the Government giving full play to the right of the [trier of fact] to determine credibility, weigh the evidence and draw justifiable inference of fact,' a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989); *see United States v. Kayode*, 254 F.3d 204, 212-13 (D.C. Cir. 2001) (*quoting United States v. Harrington*, 108 F.3d 1460, 1464 (D.C. Cir. 1997)); *United States v. SaFavian*,

---

[1] The jury acquitted Mr. Hackett on Count Five, destruction of government property in violation of 18 U.S.C. § 1361.

644 F. Supp. 2d 1, 7-8 (D.D.C. 2009); *United States v. Duran*, 884 F. Supp. 577, 583 (D.D.C. 1995), *aff'd*, 96 F.3d 1495 (D.C. Cir. 1996).

Still, the Court must "accord[] the government the benefit of all legitimate inferences," *see United States v. Weiss*, 718 F.2d 413, 437 (D.C. Cir. 1983), *cert. denied*, 465 U.S. 1027 (1984), and deny the motion if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *see United States v. Arrington*, 309 F.3d 40, 48 (D.C. Cir. 2002) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Moreover, Rule 29 requires the Court to view the evidence that the government deems must be evidence of guilt—but can otherwise be explained as equally innocent—in a balance. *See Curley v. United States*, 160 F.2d 229, 233 ("[I]f, upon the whole of the evidence, a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained."). Thus, to find a legitimate and nonspeculative inference of guilt, the government must articulate a rational basis in the evidence upon which that inference can arise. *Recognition Equip.*, 725 F. Supp. at 588. This Court must grant Defendants' motion for judgment of acquittal if it finds that the evidence—even if viewed in the light most favorable to the government—is such that a reasonable trier of fact would have a reasonable doubt as to the existence of any of the essential elements of the crimes. *United States v. Durant*, 648 F.2d 747, 750 (D.C. Cir. 1981); *see also United States v. Foster*, 783 F.2d 1087, 1088 (D.C. Cir. 1986). Finally, this Court "cannot let a case go to the jury unless there is evidence of some fact which to a reasonable mind fairly excludes the hypothesis of innocence." *Curley*, 160 F.2d at 233.

Put another way, the Court must grant a motion for judgment of acquittal if "a reasonable juror *must necessarily* have had a reasonable doubt as to the defendant[']s guilt." *See United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983) (emphasis in original) (*citing United States v.*

3

*Singleton*, 702 F.2d 1159, 1162-63 (D.C. Cir. 1983)); *see also United States v. Reese*, 561 F.2d 894, 898 (D.C. Cir. 1977); *Curley*, 160 F.2d at 232-33 ([I]f there is no evidence upon which a reasonable might fairly conclude guilt beyond a reasonable doubt, the motion [for judgment of acquittal] must be granted.").

II.     **LEGAL ARGUMENT**

With respect to Counts Two, Three, Four, and Seven, Mr. Hackett adopts, joins, and incorporates herein by reference all legal arguments set forth by counsel for co-defendants Stewart Rhodes, Kelly Meggs, Jessica Watkins, Kenneth Harrelson, and Thomas Caldwell in ECF 432 (December 23, 2022) in a joint motion for judgment of acquittal pursuant to Rule 29. The above-referenced defendants proceeded to trial from September 26, 2022, to November 29, 2022, and the jury returned a mixed verdict.  Defendants Rhodes and Meggs were the only two defendants convicted on Count One, seditious conspiracy, and their jury found the object of the conspiracy was to "oppose by force the authority of the Government of the United States."  Mr. Hackett's jury, however, found that he and Defendants Minuta, Moerschel, and Vallejo conspired to "use force to prevent, hinder, or delay the execution of any law of the United States." Mr. Hackett respectfully asserts that, as a matter of law, the Court must enter a judgment of acquittal as to Count One.   He adopts, joins, and incorporates herein by reference the legal arguments submitted by counsel for co-defendant Thomas Caldwell in ECF 384 (November 3, 2022) at pages 1-14 and 17-20 in his motion for judgment of acquittal pursuant to Rule 29.

### III.     CONCLUSION

Mr. Hackett respectfully requests the Court enter judgments of acquittal pursuant to Federal Rule of Criminal Procedure 29 as to Counts One through Four and Seven.

                              Respectfully submitted,

                              /s/ Angela Halim  
                            Angela Halim, Esq.,  
                            3580 Indian Queen Lane  
                            Suite 10A  
                            Philadelphia, PA  19129  
                            (215) 300-3229  
                            angiehalim@gmail.com

## CERTIFICATE OF SERVICE

   I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

                     /s/ Angela Halim
                     Angela Halim, Esq.

Dated: February 24, 2023