**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 22-cr-15 (APM)** |
| | **:** | |
| **ROBERTO MINUTA,** | **:** | |
| **JOSEPH HACKETT,** | **:** | |
| **DAVID MOERSCHEL, and** | **:** | |
| **EDWARD VALLEJO,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

**GOVERNMENT'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY
TO DEFENDANT VALLEJO'S MOTIONS FOR ACQUITTAL AND NEW TRIAL**

Pursuant to the Court's omnibus order governing post-trial filings, ECF 467, defendants Roberto Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo have filed a number of motions for judgment of acquittal and new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively.  On February 28, 2023, defendant Vallejo filed a motion for judgment of acquittal (but not for a new trial).  ECF 477.  On April 2, 2023, he moved to join and adopt defendant Minuta's motions for judgment of acquittal and for a new trial.  ECF 511.  On April 5, 2023, the government filed its omnibus opposition to all of the defendants' arguments.  ECF 517. On April 17, 2023, defendant Vallejo filed his reply brief.  ECF 536.  In it, he argues for the first time that the result of a separate jury trial for a different defendant, Michael Greene, warrants a new trial under Rule 33.  The government moves for the opportunity to respond to this new argument.  The government conferred with defendant Vallejo's counsel, who has authorized the government represent that defendant Vallejo is not opposed to the government filing a surreply on this issue.

"Courts generally 'need not consider' arguments raised for the first time in reply briefs." *United States v. Mejia*, No. 10-CR-256-03 (RCL), 2023 WL 2297465, at *1 n.2 (D.D.C. Feb. 23,

2023) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008)).  "This is 'due to concern that the opposing party would lose an opportunity to respond.'"  *Id*. (quoting *United States v. Brown*, 249 F. Supp. 3d 287, 295 n.1 (D.D.C. 2017) (citation omitted)).

Should the Court consider defendant Vallejo's new argument filed in his reply brief, the government moves to file the attached surreply.  Before filing a surreply, a party must move the court for leave to file.  *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 68 n.3 (D.D.C. 2001).  "The decision to grant or deny leave to file a surreply is committed to the sound discretion of the Court."  *Mejia*, 2023 WL 2297465, at *1 n.3 (quoting *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 85 (D.D.C. 2014)); *see also Lu v. Lezell*, 45 F. Supp. 3d 86, 91 (D.D.C. 2014)).  "A district court should consider 'whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted.'"  *Id*. (quoting *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012)); *see also Groobert v. President and Dirs. of Georgetown Coll.*, 219 F. Supp. 2d 1, 13 (D.D.C. 2002) (permitting party to file a surreply because it addressed a new matter presented by the defendants' reply); *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998) (granting motion for leave to file a surreply where the reply included a declaration that was not included in the original motion, which raised "matters presented to the court for the first time"); *Am. Forest & Paper Ass'n v. U.S. Envtl. Prot. Agency*, 1996 WL 509601, at *3 (D.D.C. 1996) (permitting party to file a proposed surreply because it was "helpful to the adjudication o the . . . motions in this case, and is not unduly prejudicial" to the opposing party).

Here, defendant Vallejo did not move for a new trial in his initial motion filed on February 28.  Although he moved to join and adopt defendant Minuta's motion for a new trial, he now

argues for the first time in his reply brief that the "weight of the evidence" warrants a new trial after another defendant's acquittal in a separate trial. ECF 536 at 18-20. Denying the government's motion would leave the government without an opportunity to respond to defendant Vallejo's new argument, and granting the motion would not prejudice defendant Vallejo and would be helpful in resolving the pending motions.

WHEREFORE, the government respectfully requests that the Court grant the government's unopposed motion to file the surreply attached to this motion.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
NY Bar No. 5453741
Alexandra Hughes
Jeffrey S. Nestler
Kathryn L. Rakoczy
Assistant United States Attorneys
Louis Manzo
Trial Attorney, U.S. Department of Justice