UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELMER STEWART RHODES III,<br>KELLY MEGGS,<br>KENNETH HARRELSON,<br>JESSICA WATKINS,<br>ROBERTO MINUTA,<br>JOSEPH HACKETT,<br>DAVID MOERSCHEL,<br>THOMAS CALDWELL, and<br>EDWARD VALLEJO,<br><br>**Defendants.** | Case No. 22-cr-15-APM |

### UNITED STATES' MOTION FOR EXTENSION OF DEADLINE TO FILE BRIEF AND EVIDENCE REGARDING RESTITUTION

The United States respectfully requests a two-week extension of the deadline to file a brief and supplemental evidence regarding restitution in this case from June 23 to July 7, 2023, and a similar extension for all other briefing deadlines on this issue. The government has conferred with all defense counsel, and none oppose this extension request.

From May 24 through June 2, 2023, the Court held sentencing hearings and imposed sentences against the nine defendants in this case. For each, the Court withheld from addressing restitution, pursuant to 18 U.S.C. § 3664(d)(5), allowing the Court 90 days to make a final determination of the victim's losses. On June 6, the Court ordered the government to file a memorandum and any evidence in support of a restitution award by June 23, along with subsequent response and reply deadlines.

1

The government requests a two-week extension of all deadlines, making the initial memorandum and evidence now due July 7, the defendants' response in opposition due July 26, and the government reply due August 5.

This extension does not risk overrunning the 90 days for the Court to determine the victims' losses in this case, envisioned under Section 3664(d)(5), which, at the earliest, may fall on August 23 (or 90 days after the Court's sentencing for defendant Rhodes on May 25, 2023). In any event, the Supreme Court has noted in *Dolan v. United States*, that "a sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." 560 U.S. 605, 608 (2010) In *Dolan*, the Court made clear the language and spirit of the restitution statutes—there, the Mandatory Victim Restitution Act, 18 U.S.C. § 3664—are geared toward "ensur[ing] that victims of a crime receive full restitution," *id*. at 612, and that, while speed is important, the statutory timeline is "*primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability," *id*. at 613.

WHEREFORE, the government respectfully moves for a two-week extension of the briefing deadlines on the issue of restitution.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Alexandra Hughes
Louis Manzo
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530

3